UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VALERIE J. LANDRIE,

                Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security

                Defendant.

Case No. 3:10-cv-05806-RBL-KLS

ORDER DENYING PLAINTIF'S MOTION TO CORRECT THE RECORD

This matter comes before the Court on plaintiff's filing of a motion to correct the record. See ECF #16. After having reviewed plaintiff's motion, respondent's response to that motion, plaintiff's reply thereto, and the remaining record, the undersigned hereby finds and ORDERs as follows:

In his motion, plaintiff requests that defendant be directed to add 24 additional pages to the administrative record originally filed with the Court (see ECF #9), which were not included in that filing. Defendant argues plaintiff's request should be denied, because the Court lacks the authority to grant such a request, and instead asserts the Court may consider the additional pages as part of its normal review of the briefing in this matter, to determine if the decision of the ALJ should be changed. See ECF #17.

The Court agrees that this issue should be decided along with the other issues raised in the parties' briefing, and accordingly, on that basis, plaintiff's motion to correct the record (see ECF #16) hereby is DENIED. Before that issue can adequately be addressed, though, copies of

ORDER - 1

the 24 additional pages must be filed with the Court. In other words, the Court must be able to actually review them before it can rule on the matter.

Plaintiff counsel's asserts he could not attach copies of the additional pages to plaintiff's motion, which he further states include "confidential information," because he is "unaware of a proper procedure for filing" such records "due to limitations in the electronic filing system." ECF #16, p. 2. Plaintiff's counsel, however, fails to explain exactly what those limitations are. In addition, the undersigned notes there are clear local rules and guidelines for filing documents with the Court in a manner that protects their confidentiality – i.e., under seal – to the extent, of course, that such protection is deemed appropriate.

For example, Local Rule 5(g) sets forth the requirements for sealing court records. The Court's Electronic Case Filing ("ECF") website also provides detailed instructions for how to file sealed documents. See http://www.wawd.uscourts.gov/ElectronicFiling/ECFHomepage.htm. Plaintiff's counsel should further note that pursuant to Local Rule 5(g)(3), "[i]f a party seeks to have documents filed under seal and no prior order in the case or statute specifically permits it, the party must obtain prior authorization to do so by filing a motion to seal or a stipulation and proposed order requesting permission to file specific documents under seal." Plaintiff's counsel also may contact the ECF Support Team – toll free via telephone at (866) 323-9293 or via e-mail at cmecf@wawd.uscourts.gov – for further assistance with filing sealed documents.

Accordingly, the undersigned will not consider the issue of whether the additional 24 pages should be added to the record, or any issues raised or argument set forth in the briefing in regard thereto, unless plaintiff either files a motion with the Court requesting that they be added to the record without seal or moves to file them under seal in accordance with the Court's rules and ECF filing requirements. In either case, plaintiff shall attach copies of the pages sought to

ORDER - 2

be added to the record with his motion.  Plaintiff shall have until **July 15, 2011**, to file her motion, again noting it for consideration in accordance with the Court's rules.  **Failure to do so by this date, will result in those additional pages and any argument or issues related thereto not being considered.**

The Clerk is directed to send a copy of this order to [counsel for] plaintiff and counsel for defendants.

DATED this 27th day of June, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3